UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHILLIP MARONGE            CIVIL ACTION

VERSUS            No. 08-4959

ISLAND OPERATING COMPANY, INC.,            SECTION "C" (2)
XTO OFFSHORE, INC., and
EAGLE CONSULTING, LLC

## ORDER AND REASONS[1]

Before the Court is plaintiff Phillip Maronge's ("Maronge") Motion to Strike Settlement pursuant to Rule 60 (b) of the Federal Rules of Civil Procedure. (Rec. Doc. 55). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion is GRANTED for the following reasons.

### BACKGROUND

Plaintiff brings suit against XTO Offshore, Inc. ("XTO," successor in interest to Hunt Petroleum Company), Island Operating Company, Inc. ("Island"), and Eagle Consulting, LLC ("Eagle") under the Outer Continental Shelf Lands Act ("OCSLA") alleging negligence for injuries occurring in the scope of his employment.[2] When jurisdiction is based on OCSLA, the law of the adjacent state, in this case Louisiana, applies.

On July 7, 2009, defendants XTO and Island filed separate motions for summary judgment seeking to dismiss Maronge's claims. (Rec. Doc. 36). Maronge's former counsel and

---

[1] Kayvon Sarraf, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

[2] 43 U.S.C.A. § 1331

1

intervenor in this case, (the "St. Martin office") had been engaging in settlement discussions with counsel for XTO and Eagle. On August 11, the St. Martin office sent a letter to the Court confirming that a settlement had been reached. (Rec. Doc. 63-3). A similar confirmatory letter was sent by the St. Martin office to counsel for XTO and Eagle on August 12. (Rec. Doc. 63-3). On August 14, the Court issued an order dismissing the case after being informed by Plaintiff's counsel that an amicable resolution of his claims had been reached. (Rec. Doc. 51).

On September 2, Maronge filed an Ex Parte Motion to Substitute Attorney, thus terminating his relationship with the St. Martin Office. (Rec. Doc. 52). On October 5, Maronge filed a Motion to Strike the order dismissing the case (Rec. Doc. 51) and seeking to re-open the case (Rec. Doc. 55) on the grounds that the settlement agreement is invalid.

DISCUSSION

The law treats compromises as a form of a contract, and the settlement of disputes by compromise is encouraged. Durbin v Cockerham, 442 So.2d 634, 636 (La. App. 1st Cir. 1983). The party seeking to establish the invalidity of a compromise has the burden of proof. Saunders v. New Orleans Public Service Inc., 387 So.2d 603 (La. App. 4th Cir. 1980). Louisiana Civil Code Article 3071 defines a compromise as a contract, whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.

The Louisiana Supreme Court has interpreted La.C.C. art. 3071 to require that a compromise, to be valid and enforceable, must be either reduced to writing and signed by the parties participating in the settlement or their agents, or recited in open court capable of being transcribed from the record of the proceeding. Sullivan v. Sullivan, 671 So. 2d 315 (La. 1996).

2

The signatures do not need to be on the same document; several documents viewed together may establish the agreement and consent of the parties. Felder v. Georgia Pacific Corp., 405 So.2d 521, 523 (La. 1981). The reasoning behind the requirement is to insure proper proof of extra-judicial agreements. Id.

In F&S Equipment Company v. International Tank Terminals, attorneys for both parties verbally reached a settlement agreement. F&S Equipment Co. Inc. v. Int'l Tank Terminals, 469 So.2d 256 (La. App. 4th Cir. 1985). The same day, the attorney for the plaintiff mailed a letter to the opposing attorney confirming their verbal agreement, and letters were also sent to the Civil District Court confirming the agreement.. Id. at 256-257. Approximately two weeks after the court dismissed the case, the plaintiff's attorney sent a letter to the opposing attorney withdrawing its consent to the settlement agreement. Id. at 257. The court found that a valid settlement agreement did not exist because an agreement was never signed by both parties or their attorneys. Id. at 257.

In the present case, while a verbal agreement appears to have taken place, no written agreement exists that contains both sides' signatures. The St. Martin Office sent a letter to Defendants' attorneys confirming a settlement agreement, as well a letter to the Court indicating that a settlement had been reached. Neither side has produced a document signed by both parties regarding the settlement.

Because the requirements of La.C.C. art. 3071 have not been met, the Court finds grounds to re-open the case. If either side can produce evidence of a written agreement, then that evidence can be considered and the motion re-urged pursuant to Rule 59 (e).

Accordingly,

Maronge's Motion to Strike Settlement pursuant to Rule 60 (b) is GRANTED (Rec. Doc. 55) and this matter is herby REOPENED.

A telephone scheduling conference will be held March 30, 2010, at 10:00 a.m. to reset all dates and deadlines. The Court will initiate the call and will be represented by its case manager.

New Orleans, Louisiana, this 3rd day of March, 2010.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE