UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PHILLIP MARONGE                                              CIVIL ACTION

VERSUS                                                       NO. 08-4959

HUNT PETROLEUM COMPANY,                                      SECTION "N" (2)
ET AL.

**ORDER AND REASONS**

Before the Court are the following two motions: (1) Motion for Reconsideration (Rec. Doc. 172); and (2) Defendants' Motion to Strike Documents Attached to Plaintiff's Motion for Reconsideration (Rec. Doc. 175). Both motions are opposed. (See Rec. Doc. 176 and 178, respectively). After considering the memoranda of the parties and the applicable law, the Court rules as set forth herein.

**I.    BACKGROUND**

Plaintiff Phillip Maronge has moved for reconsideration under Rule 60 of this Court's rulings striking his belated medical treatment (and related documents) (See Rec. Doc. 167) and granting summary judgment in favor of Defendants XTO Offshore, Inc. ("XTO"), Island Operating Company, Inc. ("Island"), and Eagle Consulting, LLC ("Eagle) (See Rec. Doc. 169).

Notably, the Motions for Summary Judgment of XTO, Eagle, and Island were filed respectively on March 4, 2010; April 20, 2010; and April 27, 2010. (See Rec. Docs. 75, 88, and

100).  The motions were set for hearing on May 12, 2010. Maronge filed a single opposition to the summary judgment motions on May 7, 2010.  (Rec. Doc. 107).  Discovery was conducted from June 30, 2010 through September 28, 2010. During the **four months** these motions were pending, Plaintiff failed to supplement his May 7, 2010 opposition and *failed to even inform the Court that discovery had made further supplementation necessary*.[1]

## II.     LEGAL STANDARD FOR MOTION FOR RECONSIDERATION

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. See *Ford v. Troyer*, No. 97-890, 1997 WL 731945, at *1 (E.D.La. Nov. 21, 1997). While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon*, No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996)(citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)).

---

[1]     The Court notes that just before entering its ruling on the motions for summary judgment, it denied a Motion to Continue or, In the Alternative, Stay Ruling (Rec. Doc. 119), which had also been pending since May of 2010.  In its Order and Reasons, the undersigned explained:

> Plaintiff requests that the ruling on three pending motions for summary judgment be either continued or stayed, such that he could be allowed time to take the corporate depositions of Defendants (in late June of 2010), which he claims could lead to the necessity of supplementing Plaintiff's opposition to the pending motions for summary judgment. This motion, which is opposed (See Rec. Doc. 120), has been pending since June 23, 2010....Thus, with the delay in ruling on the instant motion, Plaintiff was effectively granted the relief requested therein. However, at no time since then has Plaintiff sought to file any supplemental opposition to these pending motions for summary judgment. It is now late September 2010, and the pre-trial conference is set for mid-October 2010 with a jury trial to commence shortly thereafter. The Court will not delay ruling on the motions for summary judgment any further.

(Rec. Doc. 168, pp. 1-2).

If a motion for reconsideration is filed within twenty-eight[2] days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after [twenty-eight] days, it will be treated as a 60(b) motion." *Id*. (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F .2d 285, 288 (5th Cir.1989); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir.1986)). A Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion. *Lavespere*, 910 F.2d at 174. Because this motion was filed more than twenty-eight days after Judgment was issued, Plaintiff has correctly sought relief under Rule 60(b) of the Federal Rules of Civil Procedure.

"Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir.1985) (quoting *Wilson v. Atwood Group*, 725 F.2d 255, 257, 258 (5th Cir.1984)). The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied. See *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir.2009). A district court must exercise its sound discretion in deciding a Rule 60(b) motion. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). Rule 60(b) provides for relief from a final judgment, order, or proceeding in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not
> have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on

---

[2] On December 1, 2009, the time period for filing a motion under Rule 59(e) was extended from ten to twenty-eight days. Fed.R.Civ.P. 59(e).

3

>an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Courts faced with Rule 60(b) motions must balance the competing interests of finality in judgment with ensuring that "justice be done in light of all the facts." *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir.1970). The Court should also consider whether the motion for reconsideration was filed within a reasonable time; if the moving party's claim or defense has merit, then if the interest in deciding the case on its merits is outweighed by the interest in the finality of judgments; if any intervening equities would make granting relief inequitable; and any other relevant factors impacting the justice of the decision under reconsideration. *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir.1984)(citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir.1962)).

The Fifth Circuit cautions that all factors "are to be considered in the light of the great desirability of preserving the principle of finality of judgments." *Id.* Denials of Rule 60(b) motions are subject to an abuse of discretion standard. *Bohlin Co., Inc. v. The Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir.1993). Under this standard, reasonable decisions by a court will not be overturned. *Id.* Additionally, under certain circumstances granting relief may constitute an abuse of discretion. 11 Wright, Miller, & Kane, Federal Practice and Procedure § 2857, pg. 255 (2d ed.1995).

### III. ANALYSIS AS TO BOTH MOTIONS

In support of his motion for reconsideration, Plaintiff argues:

>Plaintiff has shown that the prior Order was issued on inaccurate and

> misrepresented facts and law.  Consequently, numerous grounds exist; including, mistake, but none more important than the fraud and misrepresentation committed by Defendant...

(Rec. Doc. 172-1, p. 7).

This Court concludes that Plaintiff has not shown that any of the aforementioned grounds for reconsideration exist. First, there has been no intervening change in the controlling law. Second, the Court disagrees that its prior opinion reflects any manifest error.

Specifically, given the nature of the asserted claims for relief, Plaintiff bears the burden of putting forth evidence establishing a triable issue as to the existence of facts imposing a duty of care on Defendants owed to Plaintiff.  Plaintiff, however, did not bear this burden in opposing Defendants' motions. Plaintiff had approximately four months to do so.  Now, Plaintiff seeks a "second bite at the apple" and seeks to introduce a collection of documents/evidence (i.e., more than 400 pages worth) to support his claims.  However, such was not done prior to the Court's ruling.  The Court has ruled, and has done so on the showing made and with the evidence properly before it at the time.

Moreover, Plaintiff has not shown that the documentation submitted in support of his present motion to reconsider was not reasonably available to him prior to the Court's determination of the Defendants' summary judgment motions.[3]  **<u>Significantly</u>**, motions for reconsideration are not acceptable after-the-fact substitutes for the initial due diligence that Rule 56 requires of non-movants in opposing a motion for summary judgment.

---

[3] While Plaintiff argues that despite his diligent efforts, discovery was delayed "due to the schedules of both Plaintiff's and Defendants' counsel", the Court again notes that no supplemental opposition was received during the four months these motions were pending, despite numerous depositions taken throughout the summer of 2010. (See Rec. Doc. 172-1, p. 2).

5

As for Plaintiff's vague fraud assertion (see Rec. Doc. 172-1, p. 7), he has failed to provide *any* evidence of Defendants' purported fraud. This argument fails.

Finally, given the foregoing, the Court does not find reconsideration of its prior ruling to be necessary to prevent manifest injustice. Plaintiff had ample time (i.e., four months) and opportunity to adequately demonstrate the existence of a genuine issue of material fact, but failed to do so. Thus, the motion for reconsideration is denied.

As for defendants' Motion to Strike (Rec. Doc. 175), the Court denies this motion. While the Court did not consider the untimely supplementation of evidence available prior to the ruling in determining the Motion to Reconsider, it finds no reason to strike the documents from the record.

**IV.   CONCLUSION**

**IT IS ORDERED** that the **Motion for Reconsideration (Rec. Doc. 172)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Defendants' Motion to Strike Documents Attached to Plaintiff's Motion for Reconsideration (Rec. Doc. 175)** is **DENIED.**

New Orleans, Louisiana, this 4th day of January 2011.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**